# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02914-STV

ZACHARY HERGENREDER, on behalf of
Himself and all others similarly situated,

    Plaintiffs,

v.

ALEPH OBJECTS, INC.,

    Defendant.

---

## DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND

---

Defendant Aleph Objects, Inc., n/k/a Larimer Skyview, Inc.[1] (Defendant), for its Answer to the Class Action Complaint and Jury Demand (Complaint) of Plaintiff Zachary Hergenreder (Plaintiff) states as follows:

### PLAINTIFF'S ALLEGATIONS CONCERNING NATURE OF THE ACTION AND DEFENDANT'S RESPONSES

1. This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et seq. (the WARN Act). The Plaintiff was an

---

[1] Fargo Additive Manufacturing Equipment 3D, LLC a North Dakota Limited Liability Company recently purchased the assets of Aleph Objects, Inc. including all rights to the trade name "Aleph Objects." Subsequently, Defendant changed its legal name to Larimer Skyview, Inc., a Colorado corporation. Accordingly, Defendant will be filing a motion to change the caption of this case.

1

employee of the Defendant until he was terminated as part of, or as a result of a mass layoff and/or plant closing ordered by the Defendant. As such, the Defendant is liable under the WARN Act for the failure to provide the Plaintiff and the other similarly situated former employees at least 60 days' advance written notice of termination, as required by the WARN Act.

> **RESPONSE:** Defendant acknowledges that Plaintiff seeks recovery under the laws referenced in paragraph 1 of the Complaint and admits that Plaintiff is a former employee of Defendant. Except as acknowledged or admitted, Defendant denies the allegations contained in paragraph 1 of the Complaint.

## PLAINTIFF'S ALLEGATIONS CONCERNING JURISDICTION AND VENUE AND DEFENDANT'S RESPONSES

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

> **RESPONSE:** Defendant states that paragraph 2 of the Complaint contains legal conclusions to which no response is necessary. To the extent that any response is deemed to be necessary, Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. The violation of the WARN Act alleged herein occurred in this District and more particularly in Loveland, CO. Venue in this Court is proper pursuant to 28 U.S.C. § 2104 (a)(5).

**RESPONSE:** Defendant states that paragraph 2 of the Complaint contains legal conclusions to which no response is necessary. To the extent that any response is deemed to be necessary, Defendant denies the allegations contained in paragraph 3 of the Complaint.

**PLAINTIFF'S ALLEGATIONS CONCERNING THE PARTIES AND DEFENDANT'S RESPONSES**

4. Upon information and belief, at all relevant times Defendant was a Colorado corporation which maintained a Facility in 626 W 26th St, Loveland, Colorado 80538 (the "Facility").

**RESPONSE:** Defendant admits that it is a Colorado corporation. It states admits that it maintained three separate work sites, one of which was located at 626 W 26th St., Loveland, Colorado 80538 (Mountain). Except as stated and acknowledged, Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. At all relevant times, Zachary Hergenreder was an employee who was employed by Defendant and worked at or reported to the Facility until his termination without cause on or about October 11, 2019 and thereafter.

**RESPONSE**: Defendant admits Plaintiff was its employee and that his employment was terminated without cause on or about October 11, 2019. Defendant states that Plaintiff worked at Mountain. Except as so admitted or

stated, Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. On or about October 11, 2019 and thereafter, Defendant ordered the termination of the Plaintiff's employment together with the termination of approximately 100 other employees who worked at or reported to the Facility as part of a mass layoff and/or plant closing as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

**RESPONSE:** Defendant admits on or about October 11, 2019, it terminated the employment of the Plaintiff at Mountain and the employment of other employees. It states that paragraph 6 of the Complaint contains legal conclusions to which no response is necessary. To the extent that any such response is deemed to be necessary, Defendants denies those allegations. Except as otherwise admitted or stated, Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. At or about the time the Plaintiff was terminate, Defendant ordered the termination of approximately 100 other similarly situated employees who worked at or reported to Facility (the "Other Similarly Situated Employees").

**RESPONSE:** Defendant admits that Defendant terminated the employment of some of its other employees. Except as admitted, it denies the allegations contained in paragraph 7 of the Complaint.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5) – AND DEFENDANT'S RESPONSES

8. Pursuant to 29 U.S.C. § 2104 (a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the Other Similarly Situated Employees.

**RESPONSE:** Defendant states that paragraph 8 of the Complaint contains legal conclusions to which no response is necessary. To the extent that any such response is deemed to be necessary, Defendant denies those allegations.

9. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

**RESPONSE:** Defendant states that paragraph 9 of the Complaint contains legal conclusions to which no response is necessary. To the extent that any such response is deemed to be necessary, Defendants denies those allegations.

10. Defendant was required by the WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

**RESPONSE:** Defendant states that paragraph 10 of the Complaint contains legal conclusions to which no response is necessary. To the extent that any such response is deemed to be necessary, Defendants denies those allegations.

11. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

**RESPONSE:** Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

**RESPONSE**: Defendant denies the allegations contained in paragraph 12 of the Complaint.

### PLAINTIFF'S CLASS ACTION ALLEGATIONS UNDER RULES 23 (a) and (b) AND DEFENDANT'S RESPONSES

13. The Plaintiff brings this action on his own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the other employees who worked at the Facility and were terminated as part of a mass layoff and/or plant closing ordered by the Defendant at the Facility on or about October 11, 2019 and thereafter ("the Class").

**RESPONSE:** Defendant states that paragraph 13 of the Complaint contains legal conclusions to which no response is necessary. To the extent that any

such response is deemed to be necessary, Defendants denies those allegations.

14. The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

**RESPONSE:** Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

**RESPONSE:** Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. The claims of the representative parties are typical of the claims of the Class.

**RESPONSE:** Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. The representative party will fairly and adequately protect the interests of the Class.

**RESPONSE:** Defendant denies the allegations contained in paragraph 17of the Complaint.

18. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

**RESPONSE:** Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint and therefore denies them.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where an individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

**RESPONSE:** Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a) Whether the Class Members were employees of the Defendant who worked at or reported to the Facility;

    (b) Whether Defendant terminated the employment of the Class Members as part of a mass layoff and/or plant closing without cause; on their part and without giving them 60 days advance written notice;

    (c) Whether the Defendant may rely on the WARN Act's "unforeseeable business circumstances" or "faltering company" defense;

      (d) Whether Defendant's failure to provide 60 days' notice should render it liable to the Class Members for 60 days' pay and benefits.

**RESPONSE:** Defendant denies the allegations contained in paragraph 20 of the Complaint.

## PLAINTIFF'S ALLEGATIONS CONCERNING CLAIM FOR RELIEF AND DEFENDANT'S RESPONSES

21. At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at the Facility.

**RESPONSE:** Defendant states that paragraph 21 of the Complaint contains legal conclusions to which no response is necessary. To the extent that any such response is deemed to be necessary, Defendant denies those allegations.

22. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of WARN and 20 C.F.R. § 639.3(a).

**RESPONSE:** Defendant states that paragraph 22 of the Complaint contains legal conclusions to which no response is necessary. To the extent that any such response is deemed to be necessary, Defendant denies those allegations.

23. On or about October 11, 2019 and thereafter, the Defendant ordered a "mass layoff" and/or "plant closing" at the Facility as that term is defined by 29 U.S.C. § 2101(a)(3).

> **RESPONSE**: Defendant states that paragraph 23 of the Complaint contains legal conclusions to which no response is necessary. To the extent that any such response is deemed to be necessary, Defendant denies those allegations.

24. The Plaintiff and the Class Members who were terminated by Defendant as a result of Defendant ordering a mass layoff and/or plant closing at the Facility on or about October 11, 2019 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

> **RESPONSE**: Defendant states that paragraph 24 of the Complaint contains legal conclusions to which no response is necessary. To the extent that any such response is deemed to be necessary, Defendant denies those allegations.

25. The mass layoff and/or plant closing at the Facility resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at the Facility, excluding "part- time employees," as that term is defined by the WARN Act.

> **RESPONSE:** Defendant states that paragraph 22 of the Complaint contains legal conclusions to which no response is necessary. To the extent that any

such response is deemed to be necessary, Defendant denies those allegations.

26. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

**RESPONSE:** Defendant states that paragraph 26 of the Complaint contains legal conclusions to which no response is necessary. To the extent that any such response is deemed to be necessary, Defendant denies those allegations.

27. Pursuant to Section 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et seq., Defendant was required to provide at least 60 days prior written notice of the terminations.

**RESPONSE:** Defendant states that paragraph 27 of the Complaint contains legal conclusions to which no response is necessary. To the extent that any such response is deemed to be necessary, Defendant denies those allegations.

28. Defendant failed to provide at least sixty (60) days prior notice to the Class Members of their terminations.

**RESPONSE:** Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. The Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and

accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

>  **RESPONSE:** Defendant denies that it failed to take any action that it had the legal obligation to do and otherwise denies the allegations contained in paragraph 29 of the Complaint.

30. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

>  **RESPONSE:** Defendant denies the allegations contained in paragraph 30 of the Complaint.

## PLAINTIFF'S ALLEGATIONS CONCERNING REQUEST FOR RELIEF AND DEFENDANT'S RESPONSES

The Plaintiff demands judgment against the Defendant as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits that would have been covered and paid under the then applicable employee benefit plans had that coverage

        continued for that period, for sixty (60) working days following the member employee's termination, all determined in accordance with the WARN Act;

b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiff and the Class Members constitute a single class;

c. Interest as allowed by law on the amounts owed under the preceding paragraphs;

d. Appointment of the undersigned attorneys as Class Counsel;

e. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation for his services as such;

f. The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

g. Such other and further relief as this court may deem just and proper.

**RESPONSE:** Defendant denies that Plaintiff is entitled to relief under the Complaint or otherwise.

## **DEFENDANT'S GENERAL DENIAL**

Defendant denies any allegations to which it has not specifically admitted in this Answer.

**DEFENDANT'S DEFENSES**

A.    The claims of Plaintiff and any unnamed putative class members fail, in whole or in part, to state a cause of action against Defendant upon which any relief may be granted.

B.    Some of the unnamed putative class members were hired by the Defendant for the duration of a project or undertaking.

C.    As of the time that notice might have otherwise been required, Defendant was actively seeking capital or business which, if obtained, would have enabled Defendant to avoid or postpone terminating any employees, and Defendant reasonably and in good faith believed that giving notice of a plan closing or mass layoff would have precluded it from obtaining the needed capital and/or business. Defendant gave Plaintiff and any unnamed putative class members as much notice of termination and basis for the length of the notification period as was practicable following its unsuccessful efforts to seek capital or business.

D.    The claims of Plaintiff and any unnamed putative class members are barred by the unforeseeable business circumstances defense, as set forth in 29 U.S.C. § 2102(b)(2)(A).

E.    The amount of benefits to which Plaintiff and any unnamed putative class members may be entitled, if any, must be offset by any benefits obtained by them after terminations of their employment.

Defendant expressly reserves the right to name additional defenses as they are revealed between the time of this Answer is filed and trial, inclusive.

**WHEREFORE**, having answered the allegations set forth in the Complaint, Defendant requests that this court dismiss this civil action with prejudice, award Defendant its costs and reasonable attorneys' fees, and award it such other and further relief as the court deems just and proper.

Respectfully submitted this 29th day of November 2019.

*s/Christopher M. Leh*
Christopher M. Leh, #18886
Leh Law Group, LLC
8181 Arista Place, #100
Broomfield, Colorado 80021
Phone:   303-327-1425
cleh@lehlawgroup.com

**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

>Mary E. Olsen
>The Gardner Firm, PC
>182 Saint Francis Street, Suite 103
>Mobile, AL 36602
>molsen@thegardnerlawfirm.com
>
>M. Vance McCrary
>The Gardner Firm, PC
>182 Saint Francis Street, Suite 103
>Mobile, AL 36602
>vmccrary@thegardnerfirm.com
>
>Stuart J. Miller
>Lankenau & Miller, LLP
>132 Nassau Street, Suite 1100
>New York, NY 10038
>sjm@lankmill.com

<em>s/Tina B. Lyda</em><br>Tina B. Lyda