**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02914-RM-STV

ZACHARY HERGENREDER, on behalf of
Himself and all others similarly situated,

      Plaintiffs,

v.

ALEPH OBJECTS, INC.,

      Defendant.

**PROPOSED SCHEDULING ORDER**

**1. DATE OF CONFERENCE
AND APPEARANCE OF COUNSEL AND PRO SE PARTIES**

A Scheduling Conference pursuant to Fed. R. Civ. P 16(b) is scheduled for Friday, January 17, 2020, at 9:30 a.m. MST in Courtroom A402 of the Alfred A. Arraj United States Courthouse before the Honorable Magistrate Judge Scott T. Varholak.

| Attorneys for Plaintiff (appearing by phone) | Attorneys for Defendant (appearing in person) |
|---|---|
| Mary E. Olsen<br>The Gardner Firm, PC<br>182 Saint Francis Street, Suite 103<br>Mobile, AL 36602<br>Phone: (251) 433 - 8100<br>molsen@thegardnerlawfirm.com | Christopher M. Leh<br>Leh Law Group, LLC<br>8181 Arista Place, #100<br>Broomfield, Colorado 80021,<br>Phone: 303-327-1415<br>cleh@lehlawgroup.com |

1

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 (federal question).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff**:

This is a class action for the recovery by Plaintiff Zachary Hergenreder and the Other Similarly Situated Employees of the Defendant of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendant's violation of the Plaintiff's and Other Similarly Situated Employees' rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et. seq. (the "WARN Act"). Plaintiff and the Other Similarly Situated Employees of the Defendant were terminated as part of, or as a result of a mass layoff and/or plant closing at Defendant's facility located at 626 W 26th St, Loveland, Colorado 80538 (the "Facility") ordered by Defendant on or about October 11, 2019. Defendant violated the WARN Act by failing to give Plaintiff and the Other Similarly Situated Employees of Defendant at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, Plaintiff and the Other Similarly Situated Employees of Defendant are entitled under the WARN Act to recover from Defendant their wages and ERISA benefits for 60 days, none of which has been paid.

b. **Defendant**:

Defendant Aleph Objects, Inc., n/k/a Larimer Skyview, Inc. (Defendant, Company, or Larimer Skyview) in a Colorado corporation located in Larimer County, Colorado. Until

November 2019, the Company manufactured, conducted research and development concerning, and provided services regarding three-dimensional printers. It conducted different parts of its business at three distinct worksites in various parts of Loveland, Colorado, one of which was located at 626 W. 26th Street in Loveland and was known as "Mountain," where Plaintiff worked. The Company had one customer that was responsible for a major share of its revenue, which had increased substantially in recent years. During the summer of 2019, Defendant hired on many new workers to undertake the expected increased volume of work. By the fall, however, the major customer had ordered only a fraction of the product the Company anticipated; also, Defendant's launch of another product was unexpectedly delayed. The Company aggressively sought out additional capital from a variety of private entities to permit it to continue to do business and employ Plaintiff and others, but it was unsuccessful. Defendant conducted several layoffs over 6 weeks beginning in late September. On October 9, the Company provided notice directly to Plaintiff and others that they would be laid off on October 11. Defendant sold its assets to another entity in early November.

Defendant denies liability. There was neither a mass layoff nor a plant closing within the meaning of the WARN Act. Also, any WARN claim is barred by the unforeseeable business circumstances defense set forth in 29 U.S.C. 2102(b)(2)(A), and even if there were, any claim for benefits would be offset, in whole or in part, by any benefits obtained by them after terminations of their employment. Finally, the Company opposes certification of any class under 29 U.S.C. § 2104 (a)(5), Fed. R. Civ. P. 23, or otherwise based on, among other things, the fact that the putative members of the class are not similarly situated.

Defendant also seeks its attorney's fees and costs.

    c. Other Parties:

None.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff was an employee of Defendant.

2. Defendant terminated Plaintiff's employment without cause on or about October 11, 2019.

3. On or about October 11, 2019, Defendant also terminated the employment of some of its other employees.

## 5. COMPUTATION OF DAMAGES

    a. Plaintiff(s):

Plaintiff and the Other Similarly Situated Employees of the Defendant seek an amount equal to the sum of 60 days' pay ("WARN Pay"), plus the value of ERISA benefits that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for 60 days following the employee's termination, all determined in accordance with 29 U.S.C. §2104(a)(1)(A) of the WARN Act. Further if Plaintiff wins, he will also seek interest on these damages, and attorneys' fees and costs, plus a service payment for his roles as a class representative--all of which are unknown amounts at this time.

    b. Defendant:

Larimer Skyview does not seek damages but does seeks its reasonable costs and attorneys' fees, which are traditionally calculated by using the lodestar method.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(F)

a. Date of Rule 26(f) meeting.

    The parties convened a telephone conference on December 11, 2019 to discuss the matters set forth in Rule 26(f).

b. Name of each participant and party he/she represented.

    <u>Attorneys for Plaintiff</u>

    Mary E. Olsen
    The Gardner Firm, PC
    182 Saint Francis Street, Suite 103
    Mobile, AL 36602
    Phone: (251) 433 - 8100
    molsen@thegardnerlawfirm.com

    <u>Attorneys for Defendant</u>

    Christopher M. Leh
    Leh Law Group, LLC
    8181 Arista Place, #100
    Broomfield, Colorado 80021,
    Phone: 303-327-1415
    cleh@lehlawgroup.com

    c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made.

    Subject to Section 6.d below, Rule 26(a)(1) initial disclosures will be completed by both parties on or before January 10, 2020. By stipulation under Fed. R. Civ. P. 26(a)(1)(D), the parties delayed their disclosures by several weeks due to the intervening holidays. Neither party was prejudiced by the delay.

  d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

    The Parties will exchange documents identified in their initial disclosures upon entry by the Court of a protective order. See Section 6.f below.

  e. Statement concerning any agreements to conduct informal discovery.

    The parties have not made any specific agreements as to any informal discovery.

  f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

    The parties will use a unified exhibit number system and a single court reporter, which the parties anticipate will be Veritext/Stevens-Koenig.

  g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

    1. The parties anticipate that their claims or defenses will involve electronically stored information (ESI), some of which may be in the care, custody, or control of third parties, including FAME3D.

    2. Counsel for each of the parties has informed his or her client of the obligations to preserve ESI.

        3.        The parties have agreed to work cooperatively on a written protocol concerning the production of responsive ESI in a mutually agreeable format under Fed. R. Civ. P. 34.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

        The undersigned certify that on behalf of their clients, they have discussed the possibilities for a prompt resolution of the case, including potential use of mediation. They will continue to discuss such possibilities. The results of any mediation process will be reported to the Magistrate Judge within fourteen (14) days of that mediation.

## 7. CONSENT

All parties have <u>not</u> consented to the exercise of jurisdiction of the Magistrate Judge. [Doc. 11]

## 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

        1.    No modifications to the presumptive numbers of depositions under Fed. R. Civ. P. 30(a)(2)(A)(i). Each side may conduct ten (10) depositions.

        2.    No modifications to the presumptive numbers of interrogatories under Fed. R. Civ. P. 33(a)(1). Each side may serve no more than 25 interrogatories.

 b. Limitations which any party proposes on the length of depositions.

  The presumptive limits under Fed. R. Civ. P. 30(d) shall apply to the length of depositions.

 c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

  The Parties have agreed to serve no more than two (2) separate sets of interrogatories, requests for production, and requests for admission. If the parties believe that additional discovery requests are necessary, they will confer and file any appropriate motions.

 d. Other Planning or Discovery Orders:

  1. The Parties anticipate that before the Scheduling Conference on January 17, 2020, they will tender to the Court for its consideration a proposed stipulated protective order under Fed. R. Civ. P. 26(c).

  2. The production of privileged or work-product protected documents, ESI or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Scheduling Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). Nothing contained in this Scheduling Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

March 6, 2020.

b. Discovery Cut-off:

All discovery shall be completed no later than July 17, 2020.

c. Dispositive Motion Deadline:

Dispositive motions, including motions for summary judgment or partial summary judgment, must be filed no later than August 17, 2020.

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

    (a) **Plaintiff's Position**: Plaintiff has not yet identified any fields of expertise but reserve the right to do so in accordance with Fed. R. Civ. P. 26.

    (b) **Defendant's Position**: Defendant has not yet identified any fields of expertise but reserves the right to do so in accordance with Fed. R. Civ. P. 26.

2. Limitations which the parties propose on the use or number of expert witnesses.

    Two (2) expert witnesses per side, excluding rebuttal witnesses.

   3. The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 19, 2020. This includes disclosure of information applicable to 'Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to 'Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

   4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 15, 2020. This includes disclosure of information applicable to 'Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to 'Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of this rule will be allowed by stipulation of the parties unless the stipulation is approved by the court. In addition to the requirements set forth in Fed. R. Civ. P. 26(a)(2)(B)(i)-(VII), the expert's written report also must identify the principles and methods on which the expert relied in support of his or her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e. Identification of Persons to Be Deposed:

Plaintiff:

   1. Jeff Moe (anticipated to be 7 hrs. or less).

   2. Other current or former employees, managers, officers, partners, members,

principals and directors who have knowledge relating to any of the allegations made in the Plaintiff's Complaint and/or any admissions, denials, and/or defenses asserted in Defendant's Answer (anticipated to be 7 hrs. or less).

    3.    Other person(s) who may have knowledge concerning any of the allegations made in Plaintiff's Complaint and/or any admissions, denials and/or defenses asserted in Defendant's Answer (anticipated to be 7 hrs. or less).

    4.    Any individual disclosed by Defendant below or by Plaintiff or Defendant during the course of discovery.

<u>Defendant</u>:

    1.    Zachary Hergenreder, Plaintiff (7 hrs. or less).

    2.    Representatives of former customers of Defendant.

    3.    Representatives of those sources of capital sought by Defendant.

    4.    Members of the putative class.

    5.    Any individual disclosed by Plaintiff or Defendant during the course of discovery.

f.    Deadline for Interrogatories:

    The cut-off for service of interrogatories shall be 45 days before the discovery cut-off set forth in Paragraph 9(b) above: June 2, 2020.

g.    Deadline for Requests for Production of Documents and/or Admissions

    The cut-off for Requests for Production of Documents and Admissions shall be 45 days before the discovery cut-off set forth in Paragraph 9(b) above: June 2, 2020.

## 10. DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times: _____.

    b.    A final pretrial conference will be held in this case on _____ at ___ o'clock ____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

    a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

        None.

    b.    Anticipated length of trial and whether trial is to the court or jury.

        Five (5) days, to a jury.

    c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/LaPlata County Courthouse, Suite 150, 1060 E. 2nd Avenue, Durango, Colorado 81301:

        None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

    a.    The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has

been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

       b.      Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

       c.      With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

       d.      Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only by order of the U.S. District Judge or Magistrate Judge and only upon a showing of good cause.

DATED at Denver, Colorado, this 17th day of January 2020.

BY THE COURT:

_____
United States Magistrate Judge

AGREED AS TO FORM:

_____   _____
Mary E. Olsen                                          Christopher M. Leh
The Gardner Firm, PC                             Leh Law Group, LLC
182 Saint Francis Street, Suite 103      8181 Arista Place, #100
Mobile, AL 36602                                   Broomfield, Colorado 80021
Phone: (251) 433 - 8100                        Phone: (303) 327-1415:
molsen@thegardnerlawfirm.com         cleh@lehlawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of January 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

>Mary E. Olsen
>The Gardner Firm, PC
>182 Saint Francis Street, Suite 103
>Mobile, AL 36602
>molsen@thegardnerlawfirm.com
>
>M. Vance McCrary
>The Gardner Firm, PC
>182 Saint Francis Street, Suite 103
>Mobile, AL 36602
>vmccrary@thegardnerfirm.com
>
>Stuart J. Miller
>Lankenau & Miller, LLP
>132 Nassau Street, Suite 1100
>New York, NY 10038
>sjm@lankmill.com

>>*s/Christopher M. Leh*
>>Christopher M. Leh