# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02914-RM-STV

ZACHARY HERGENREDER, on behalf of
Himself and all others similarly situated,

    Plaintiffs,

v.

LARIMER SKYVIEW, INC.,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Plaintiff and Defendant Larimer Skyview, Inc.[1] (together, Parties) have stipulated to the terms of the following protective order under Rule 26(c) of the Federal Rules of Civil Procedure (Protective Order) involving the production of information that one or both Parties or non-parties, as the case may be, claim to be Confidential Information (as defined in paragraph 3 below). This Protective Order is entered for the purpose of facilitating the exchange of document and information between the Parties to this action without involving the Court unnecessarily in the process. Therefore,

---

[1] Defendant informed the Court that Fargo Additive Manufacturing Equipment 3D, LLC a North Dakota Limited Liability Company recently purchased the assets of Aleph Objects, Inc., including all rights to the trade name "Aleph Objects," changed its legal name to Larimer Skyview, Inc., and continues to be a Colorado corporation in good standing. *See* Defendant's Unopposed Motion to Change Caption (Doc. [21]) (granted by Moore, J., on Jan. 17, 2020 (Doc. [24]).

IT IS HEREBY ORDERED as follows:

## Background & Definitions

1. In this action, the Parties anticipate that one or both of them may seek or produce in discovery certain Confidential Information, as defined in paragraph 3 below. The Parties understand and acknowledge that with respect to such Confidential Information, a Party may assert that the public disclosure of such information or any exchange of such information outside the scope of this litigation could result in significant injury to one or more of the Party's commercial business or privacy interests of that Party. The Parties jointly request the Court enter this Protective Order to prevent the disclosure or use of Confidential Information (or both) except as set forth below.

2. For the purposes of this Protective Order, the terms listed below shall have the following meanings:

    a. "Plaintiff" or "Plaintiffs" means Zachary Hergenreder (Hergenreder) and, were a class certified by the Court, the class and any of its putative members;

    b. "Defendant" or "Larimer Skyview" and its current and former shareholders, directors, partners, executives, officers, employees, and agents; provided, however, that "Larimer Skyview" excludes Plaintiff and, were a class certified by the Court, the class and any of its putative members.

    c. For the purpose of this Protective Order, the term "Party" means Plaintiff or Defendant.

    d. The term "Person" includes natural persons, as well as corporations, partnerships, limited partnerships, limited liability partnerships, companies, limited liability companies, associations, governments (including all instrumentalities, offices, agents, subdivisions, thereof), trusts and trust funds, and all other business legal or artificial entities and business associations, and their current or former shareholders, directors, members, partners, executives, officers, employees, and agents.

    e. The term "Confidential Information" means any non-public document, file or portion of a file, response to a discovery request, thing, material, testimony, or other information (including an extract, chart, summary, note, or copy made or derived by those listed in paragraphs 5 below) from that information) and designated by one or more of the Parties in the manner provided in paragraph 3 below as containing or constituting:

        i. personal or private information regarding a Party, or its current or former shareholders, directors, partners, executives, officers, employees, and agents;

        ii. private personnel information, including actual or deferred compensation, wage rates, fees, incentives, or benefits provided or previously provided to a Party's current or former employees or contractors; performance reviews or evaluations; medical, insurance, disability, or leave records;

iii. any communications between Defendant and or documents submitted to the Colorado Department of Labor regarding layoff or unemployment information;

iv. Defendant's proprietary business information, including profitability reports, estimates, or budgets; banking, credit, or loan records; cash flow information, balance sheets, or profit-and-loss statements, or margins; strategic, operating, sales, marketing, compensation, or financial plans, research, or forecasts; information relating to human resources or workforce planning; product or service strategies, research, development, cost information; or identities of and contact information relating to customers and suppliers;

v. Defendant's trade secret, or research, development, or commercial information;

vi. any other category of information the Court subsequently identifies or approves as Confidential.

### Designation of Confidential Information

3. A Party may designate as "Confidential" any document, thing, material, testimony, image, or other information derived from any of them (whether by document, by deposition, hearing, or trial testimony; by interrogatory answer, request to admit, or response to any request for documents; or in any motion, pleading, affidavit, declaration, brief, or other document submitted to this Court or otherwise). Documents or other tangible things or materials

to be designated as Confidential Information shall be designated as such by marking or stamping "Confidential Material," "Confidential Information," or "Confidential" on each page of the document, thing, material, image, or other information derived from them that is produced to a Party; or by otherwise affixing a label with such designation. Where only portions of a document, thing, transcript of previous testimony, material, image, or other information derived from them is claimed to be Confidential Information by a Party, that Party shall designate such parts for which Confidential Information treatment is claimed and only those portions shall be subject to this Protective Order. The failure of a Party to designate in the first instance material as Confidential Information shall not preclude the Party from subsequently designation the material as Confidential Information.

    4. Testimony taken at a deposition, conference, hearing, or trial may be designated as Confidential Information by a statement to that effect on the record of the proceeding by the Party's counsel; or by written notice to the opposing Party within fourteen (14) days of receipt of a transcript of that testimony.

      a. If a Party's counsel *does make* such a designation during such a proceeding, counsel for a Party or the witness may request that all Persons, except those Persons entitled to receive such information under the terms of the Protective Order and the court reporter, leave the room where the proceeding is occurring until completion of the answer or answers containing such Confidential Information. The reporter shall then separately transcribe those portions of the testimony so designated, mark the cover and each page of the transcript with the appropriate designation,

        separately bind the portion of the transcript containing information designated as Confidential Information, and seal it in a separate envelope.

    b. If a Party *does not* designate testimony as Confidential Information during a deposition or other proceeding, the failure to do so shall not preclude a Party from subsequently designating the testimony as Confidential Information, provided that the designation is made within fourteen (14) day period after receipt of the transcript.

    c. A Party shall not disclose testimony, whether designated as Confidential Information or not, prior to fourteen (14) days after receipt of the transcript.

    d. The designation of testimony as Confidential Information may be designated temporarily, and the designation may later be removed by the designating Party.

5. Any Confidential Information that cannot be conveniently designated in the manner set forth in elsewhere this Protective Order shall be designated by the producing Party by informing the receiving Party in writing. The failure of a Party to designate material as Confidential Information in the first instance shall not preclude that Party from subsequently designation the material as Confidential Information.

6. The procedures set forth in this Protective Order shall not affect the rights of a Party or non-party to object to discovery on any permissible grounds, nor shall they relieve a Party or non-party of the necessity of proper response to discovery.

## Non-Parties and Confidential Information

7. A non-party that seeks protection of the non-party's Confidential Information (as the term is defined in paragraph 3 above) may designate information that it produces in the case as "Confidential Information" under the same terms and conditions as those applicable to each Party under paragraphs 3 and 4 of the Protective Order.

8. A non-party's seeking such protection under this Protective Order does not itself create a right to discovery of any Party's or non-party's Confidential Information.

9. A Party who obtains the non-party production of any documents, things, materials, testimony, images, or other information that were requested and received from non-parties in discovery in this case shall provide notice of receipt to the other Party and, upon request, produce it for inspection by the other Parties. Within fourteen (14) days after receipt of the Notice or production, the materials may be designated confidential by the other Party in the manner set forth in paragraphs 4 and 5 of this Protective Order and delivered in a manner agreed-upon by counsel, or in such manner as is reasonable under the circumstances.

## Persons to Whom Confidential Information May Be Disclosed

10. Information designated as Confidential Information under this Protective Order may be disclosed only to the following Persons:

    a. This Court and any court to which an appeal in this action might lie and the support personnel of each such court, as well as trial jurors;

    b. All Parties to this action;

c. The counsel of record to the Parties and their associate or contract attorneys, and their support personnel whose functions require access to such material;

d. Court reporters at depositions or other proceedings hearings and their support personnel engaged in preparing transcripts of testimony or proceedings in this action;

e. Outside vendors who perform scanning, e-discovery, forensic examination, photocopying, computer classifications, or similar functions, but only to the extent necessary to perform such services;

f. Outside independent Persons (*i.e.*, Persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or the Party's attorneys;

   i. to provide assistance as mock jurors or focus group members or the like, or to furnish technical assistance;

   ii. to provide consultation or experts in the preparation or prosecution of claims or defenses in this action, so long as they are not competitors of the Party designating the Confidential Information, and the employees of those who are assisting them; or

   iii. private investigators; provided that each signs a statement in the form attached hereto as Exhibit A that they have read this Protective Order and agree to be bound by its terms;

    g. Such other Persons as may be designated by written agreement of all Parties in this action or by the Court.

Before receiving any Confidential Information, each Person in categories e - g, shall be provided a copy of this Protective Order.

## Limited Use of Confidential Information

  11. Information designated as Confidential Information under this Protective Order shall be disclosed or used only for the purpose of the prosecution, defense, or settlement of this action, and shall not be used for any business or other purpose whatsoever, unless legally compelled to do so in connection with a court case, arbitration, or governmental investigation or administrative proceeding. Where such legal compulsion is threatened to occur or occurs, the Party from whom production is sought shall promptly advise the designating Party of the specific circumstances and identify the case, arbitration, or governmental investigation or administrative proceeding, and both Parties shall cooperate in a good-faith attempt to protect such Confidential Information from disclosure or us through objections, motions to quash, protective orders, or otherwise.  Any other disclosure or use is prohibited.

  12. Any Party that includes in any Court filing any Confidential Information, such a filing shall label on each page "Confidential Information – Subject to Court Order" or similar designation and filed in accordance with Court rules, including any portion of a deposition transcript designated as Confidential Information, is included.

13. If Confidential Information (including any portion of a deposition transcript or discovery response designated as Confidential Information), is included in documents to be filed in Court, such documents shall be labeled on each page "Confidential Information – Subject to Court Order" or similar designation and filed in accordance with Court rules.

14. Nothing in this Protective Order shall impose any restrictions on the use or disclosure by a Party of material legally obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing his or its own Confidential Information as it deems appropriate, provided, however, that such material was not obtained by or disclosed to that Party as a result of wrongful or illegal means or under terms requiring it not to be disclosed to third parties.

15. The Party using Confidential Information in any proceeding shall preserve its confidentiality during such proceeding. Confidential Information that is used in any Court filing or proceeding shall not lose its status as Confidential Information as between the Parties through such use.

**Process for Challenging the Designation of Confidential Information**

16. This Protective Order shall be without prejudice to the right of the Parties:

    a.    to bring before the Court at any time the question of whether the use of the Protective Order should be restricted;

    b.    to present a motion to the Court under Federal Rules of Civil Procedure 26(c) for a modification of this Protective Order or for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein; or

   c. to bring before the Court at any time a motion to change the designation of any Confidential Information from the classification of "Confidential Information" or "Confidential" to non-confidential information regardless of whether the material was produced by a Party or non-party. Until the Court rules on such a motion, the documents, and information in question shall be treated as Confidential Information under the designation being challenged by the motion.

  17. A Party may object to the designation of particular information as Confidential Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within fourteen (14) days after the time the notice is received, or such shorter time as the Court may permit or require, it shall be the obligation of the Party designating the information as Confidential to file an appropriate motion requesting the Court to determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as Confidential Information bears the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

18. Nothing in this Protective Order shall affect the Parties' obligations to confer under Rule 37 of the Federal Rules of Civil Procedures of the Local Rules of Practice of this Court.

### Inadvertent Disclosure of Information Protected Attorney-Client Communications and Attorney Work-Product

19. A producing Party may notify the other Parties that documents that should have been designated "Confidential Information" or "Confidential" under the terms of the Protective Order were inadvertently produced without being designated as such.  Upon receiving such notice form the producing Party, the Party receiving such notice shall immediately treat the document as if it had been so designated and shall place the appropriate designation on the document within fourteen (14) days of receipt of such notice. Also, within fourteen (14) days of receipt of such notice, the receiving Party shall notify in writing all individual who, to the best of the receiving Party's attorney's knowledge or recollection, have seen, had access to, or learned the contents of, such documents, that such documents are "Confidential Information" or "Confidential" and that further disclosure by them is strictly prohibited.

20. Due to the Parties' concerns regarding attorney-client privilege and work-product protection, and to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications and work-product materials, the inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection will not be deemed to waive that Party's claim to its privileged or protected nature or estop that Party or the privilege holder from

designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any Party receiving any such information or document shall return it upon request from the producing Party. Upon receiving such a request as to specific information or documents, the receiving Party shall return the information or documents to the producing Party within fourteen (14) days of receipt, regardless of whether the receiving Party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other Party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order.

21. The "Clawback Provisions" set forth in paragraphs 21 and 22 of this Protective Order shall be governed by Federal Rule of Evidence 502(d) and ethical rules applicable to attorneys practicing before this Court, and is intended to be consistent with Federal Rule of Civil Procedure 26(c)(1) a.

### Post-Litigation Rights and Obligations

22.  Within twenty (20) days following the termination of this case, on written request from the disclosing Party, counsel for the Parties shall assemble and return to each other or destroy all documents, material and deposition transcripts designated as Confidential Information and all copies of same save one, for archival purposes, or shall certify their return or destruction. For the purpose of this agreement, "termination of this case" shall mean either the settlement of this lawsuit, the period during which an appeal of a final order in the case has run, or the exhaustion of all appeals or other judicial review that  may be sought by either Party, including petition for writ of *certiorari* to the United States Supreme Court or the expiration of all time periods which would permit such appeals or judicial review.

23. The rights and obligations set forth in this Protective Order shall survive the final termination of this case. A Party or non-party may seek to enforce any dispute concerning such rights or obligations by filing a miscellaneous action in the Court.

24. Nothing in this Protective Order or the production of any information or documents under the terms of this Protective Order or any proceedings under this Protective Order shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation or any Party or the absence of such an obligation.

## Miscellaneous Provisions

25. By agreeing to the entry of this Protective Order, the Parties do not adopt any position as to the authenticity or admissibility of any document, testimony, thing, material, image, or other information or thing that any other Party or non-party produces subject to its terms and conditions.

26. The fact that information is designated "Confidential Information" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. Absent a stipulation of the Parties or otherwise permitted or ordered by the Court, the fact of such designation shall not be admissible during any proceeding or trial of this action, nor shall the jury be advised of such designation, except to the extent revealed by the designations "Confidential Material," "Confidential Information," or "Confidential" on exhibits produced in discovery or trial or offered in any other proceeding in which Confidential Information is disclosed under this Protective Order.

27. Neither the taking of nor the failure to take any action to enforce the provisions of the Protective Order shall constitute a waiver of any claim or defense in the trial of this action or any other action including but not limited to the claim or defense that any such information is or is not proprietary to any Party or other Person or that such information embodies trade secrets of any Party or other Person.

28. All Persons are hereby placed on notice that the Court is unlikely to treat as sealed or otherwise to continue to maintain the confidentiality of any Confidential Information that is introduced as evidence at trial or a hearing once it has been offered into evidence in open Court, except in the extraordinary circumstances where the trial or hearing has been closed to the public pursuant to the provisions of D.C.COLO.LCivR 7.2. The Court also reserves its discretion to reconsider any determination with respect to a motion for leave to file information under seal if it comes to believe as a result of subsequent information that the sealed information no longer requires confidential treatment, including in any orders, opinions, or decisions of the Court.

29. The Parties agreed to submit that proposed Protective Order to the Court to be "So Ordered."

SO ORDERED this _____ day of _____, 2020.

_____
U.S. Magistrate Judge

Approved as to form:

*/s/ Christopher M. Leh*
Christopher M. Leh
Leh Law Group, LLC
8181 Arista Place, #100
Broomfield, Colorado 80021
Phone: (303) 327-1415
cleh@lehlawgroup.com

**ATTORNEYS FOR DEFENDANT**

*/s/ Mary E. Olsen*
Mary E. Olsen
The Gardner Firm, PC
182 Saint Francis Street, Suite 103
Mobile, AL 36602
Phone: (251) 433 - 8100
molsen@thegardnerlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02914-RM-STV

ZACHARY HERGENREDER, on behalf of
Himself and all others similarly situated,

    Plaintiffs,

v.

LARIMER SKYVIEW, INC.,

    Defendant.

---

**CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER**

---

    The undersigned, having read and understood the Stipulated Protective Order entered in the above-captioned matter on _____, 2020, which governs the restricted use of documents and other information designated as "CONFIDENTIAL" pursuant to the Stipulated Protective Order, hereby agrees to be bound by the terms thereof and consents to the jurisdiction and contempt power of the Court with respect to its enforcement.

Dated: _____, 2020
Name: _____
Address:    _____
                  _____
                  _____
Phone: _____
Email: _____

Exhibit A

## CERTIFICATE OF SERVICE

      I hereby certify that on this 31st day of January 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

      Mary E. Olsen
      The Gardner Firm, PC
      182 Saint Francis Street, Suite 103
      Mobile, AL 36602
      molsen@thegardnerlawfirm.com

      M. Vance McCrary
      The Gardner Firm, PC
      182 Saint Francis Street, Suite 103
      Mobile, AL 36602
      vmccrary@thegardnerfirm.com

      Stuart J. Miller
      Lankenau & Miller, LLP
      132 Nassau Street, Suite 1100
      New York, NY 10038
      sjm@lankmill.com

                      *s/Christopher M. Leh*
                        Christopher M. Leh