**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02914-RM-STV

ZACHARY HERGENREDER, on behalf of
Himself and all others similarly situated,

    Plaintiff,

v.

LARIMER SKYVIEW, INC.,

    Defendant.

___

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
___

Magistrate Judge Scott T. Varholak

This civil action is before the Court upon Defendant's Notice and Suggestion of Bankruptcy Upon Record (the "Notice"). [#52] For the following reasons, the Court respectfully **RECOMMENDS** that this case be **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2.[1]

On October 14, 2019, Plaintiff filed this lawsuit against Defendant asserting a claim for violation of the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101 *et seq.*, on behalf of a class of similarly situated former employees of Defendant.[2] [#1] On January 17, 2020, the Court entered a Scheduling Order in this matter [23], which

---

[1] Pursuant to D.C.COLO.LCivR 41.2, "[a] district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause."

[2] The Complaint initially named Aleph Objects, Inc. as the Defendant [#1], and the Court subsequently granted Defendant's motion to amend the case caption to reflect that "the legal name of Aleph Objects, Inc., has been changed to Larimer Skyview, Inc., and that the real party in interest is Larimer Skyview, Inc." [#24].

was subsequently modified to extend the case schedule based upon the request of the parties [#36, 40, 41].

On September 15, 2020, prior to the close of discovery, Defendant filed the Notice, informing the Court that an involuntary Charpter 7 bankruptcy petition had recently been filed against Defendant in the United States Bankruptcy Court for the District of Colorado bearing case number 20-16046-CDP (the "Bankruptcy Case"). [#52] The Notice further stated that, pursuant to 11 U.S.C. § 362, the filing of the Bankruptcy Case initiated an automatic stay of the instant litigation. [*Id.*] In light of the Notice, the Court converted the final pretrial conference into a status conference. [#54]

On March 8, 2021, the Court convened the status conference. [#55] Counsel of record for Defendant in the instant litigation—who does not represent Defendant in the Bankruptcy Case—stated that it was his understanding that the Bankruptcy Case was still proceeding, but that no deadline had yet been set for the submission of claims. [*Id.* (audio recording)] The Court asked the parties for their positions on whether the case should be administratively closed in light of the ongoing Bankruptcy Case. [*Id.*] Counsel for Plaintiff stated that she was "in favor" of administrative closure, so long as the order provided for the case to be reopened if the Bankruptcy Case was terminated without resolution of Plaintiff's claims. [*Id.*] Counsel of record for Defendant did not raise any objection but requested additional time to inform the Trustee in the Bankruptcy Case of the potential of administrative closure so that the Trustee could raise an objection on behalf of Defendant. [*Id.*] Accordingly, the Court provided Defendant seven days to file any objection to administrative closure. [*Id.*]

No objection having been filed, the Court believes that this matter should be administratively closed. Given that Plaintiff's claims likely will be resolved through the Bankruptcy Case and that there is no imminent conclusion of the Bankruptcy Case anticipated, administrative closure serves the interests of judicial economy and the conservation of the parties' resources. Absent administrative closure, the parties and the Court will be required to expend time and resources on status updates in the instant action.

Accordingly, for the foregoing reasons, this Court respectfully **RECOMMENDS** that this action be **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2, without prejudice to either party moving to reopen the case at any time for good cause.[3]

---

[3] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

3

DATED: March 16, 2021

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

4